UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MARTIN, | : | Case No. 3:25-cv-272 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Elizabeth P. Deavers |
| JUDGE TRAVIS L. FLIEHMAN, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff has filed a pro se civil rights complaint in this Court under 42 U.S.C. § 1983. (*See* Doc. 6, Complaint at PageID 36). By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a sua sponte review of the Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations in the Complaint

Plaintiff brings this action in connection with his ongoing state-court criminal proceedings in the Darke County, Ohio Court of Common Pleas. Review of the docket records in Case No. 25-CR-129 reveals that plaintiff was charged with four counts of trafficking in cocaine. A warrant of arrest on indictment was issued on July 28, 2025 and served on July 29, 2025. Petitioner was granted bond on August 1, 2025. On December 23, 2025, after plaintiff entered a negotiated plea agreement, a Judgment Entry of Conviction was entered. A sentencing hearing is currently scheduled for January 23, 2026.[1]

In the complaint filed in this case, which plaintiff brings under 42 U.S.C. § 1983, plaintiff asserts alleged unlawful seizure, deprivation of property, and denial of right to counsel, amongst

---

[1] Viewed at https://darkecourts.com/ under "Records Search." This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

other constitutional violations, in connection with his state-court criminal proceedings. Specifically, plaintiff claims that on July 29, 2025 he was informed that Darke County Sheriff's deputies were seeking him. (Doc. 6 at PageID 37). Plaintiff claims that he contacted the Darke County Clerk of Courts to determine if there were any active warrants, indictments or case numbers in his name and was informed that none existed. (*Id.*). Plaintiff claims he then contacted defendant Sheriff Whittaker directly and was informed that "he could be arrested" without any explanation.

Plaintiff alleges that he subsequently went to the Sheriff's Office voluntarily, carrying a "Reservation of Rights." (*Id.* at PageID 38). According to plaintiff, upon his arrival Whittaker set aside the Reservation of Rights and informed plaintiff that there was a warrant for his arrest on charges of trafficking in cocaine. Plaintiff further alleges that he was never shown a warrant; was "stripped, photographed, fingerprinted, and placed in a cell;" and had personal property—including over $200—taken from him at intake. Plaintiff claims that because his funds were not credited to his jail account until the second day, his ability to communicate to counsel or his family were limited. Plaintiff indicates that funds were returned to him upon his bond release.

With respect to defendant Judge Fleihman, plaintiff claims that he was hostile, refused to address plaintiff's Reservation of Rights, and ordered plaintiff removed from a hearing. Plaintiff further claims that Fleihman threatened plaintiff's next friend with criminal charges for attempting to file documents on plaintiff's behalf and ordered documents stricken from the record.

Finally, plaintiff alleges that he was subjected to a number of constitutional violations in his criminal trial, including being denied due process, the right to counsel, and the ability to confront witnesses against him, as well as the alleged suppression of habeas corpus.

As relief, plaintiff seeks a declaration that defendants' actions violated federal law, a preliminary and permanent injunction halting all state-court proceedings, and money damages. (*Id.*).

**C. Analysis**

Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id*. Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff's criminal case remains pending in the Darke County Court of Common Pleas. *See Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). *See also Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (noting that the first factor is met where "a state proceeding is pending at the time the action is filed in federal court"). Second, the criminal case implicates important state interests as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to

interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise his constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co.*, 481 U.S. at 15). Plaintiff possesses an adequate opportunity to raise any constitutional issues in the pending state court proceedings and on appeal. Therefore, abstention under *Younger* is appropriate. Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring abstention. Plaintiff does not allege facts showing bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would bar abstention in this matter.

The Sixth Circuit has that held where, as here, a plaintiff is seeking damages and application of *Younger* abstention is proper, the district court should stay, not dismiss the complaint. *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1075 (6th Cir. 1998). *See also Lucas v. Lewis*, Case No. 1:22-cv-741, 2023 WL 2154680, at *3 (S.D. Ohio Feb. 22, 2023) (and cases cited therein) (staying an action under *Younger* where the plaintiff seeks both monetary and injunctive relief). Thus, under *Younger*, this Court must stay this action pending resolution of plaintiff's underlying criminal case in the state court.[2]

---

[2] Because abstention is appropriate here, where plaintiff's state-court action remains pending, the Court makes no determination as to whether plaintiff's claims are appropriately raised in an action for habeas corpus or whether plaintiff's civil rights claims may be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994) or immunity grounds. *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that claims that challenge a conviction or seek immediate or speedier release from custody can only be asserted in a habeas corpus action); *Heck*, 512 U.S. at 486-87 (holding that a prisoner cannot maintain a § 1983 claim when success on that claim would necessarily imply the invalidity of a conviction without first successfully challenging that conviction in habeas or on direct appeal).

Accordingly, plaintiff's complaint should be stayed pending resolution of the criminal proceedings currently pending in the Darke County Court of Common Pleas.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's case should be **STAYED** pending resolution of the criminal charges against plaintiff.

2. The Clerk of Court be **DIRECTED** to administratively close the case.[3] If plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted within **thirty (30) days** of disposition of the criminal charges, unless an appeal is filed. If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: January 5, 2026                                          s/ *Elizabeth A. Preston Deavers*
                                                                                 Elizabeth A. Preston Deavers
                                                                                 United States Magistrate Judge

---

[3] This action is for statistical purposes only and does not affect plaintiff's right to request that the stay be lifted as directed above.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).